## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

M.R.,

        Plaintiff,

-vs-                                  Case No:
                                        Honorable

ALPENA PUBLIC SCHOOLS,
STEVEN GENSCHAW, in his
individual capacity, JUSTIN
GLUESING, in his individual
capacity, JEAN KOWALSKI,
in her individual capacity, and
JULIE KIELISZEWSKI, in her
individual capacity,

        Defendants.

---

JONATHAN R. MARKO (P72450)
**MARKO LAW, PLLC**
Attorneys for Plaintiff
220 W. Congress, Floor 4
Detroit, MI 48226
P: 313-777-7529
jon@markolaw.com

ZACHARY T. RUNYAN (P83671)
**RUNYAN LAW GROUP**
Co-Counsel for Plaintiff
31211 Jefferson Avenue
St. Clair Shores, MI  48082
P: (248) 341-0794
zrunyan@runyanlawgroup.com

---

**There is no other pending civil action arising out
of the transaction or occurrence alleged in this Complaint.**

---

## COMPLAINT AND JURY DEMAND

NOW COMES the above-named Plaintiff, by and through his attorneys, Marko Law, PLLC and Runyan Law Group, and for his Complaint against the above-named Defendants, states as follows:

## INTRODUCTION

1.      This lawsuit arises out of the heinous acts of Heather Winfield ("Winfield"), a Thunder Bay Junior High School ("Thunder Bay") special education teacher, and the Alpena School District's abysmal failure to protect an 11-year-old student. As detailed below, Thunder Bay's administration was aware that Winfield was spending an excessive amount of time with an 11-year-old special education student outside of school hours, even taking him on out of state trips to Disney World. Moreover, school faculty observed Winfield giggling like an immature schoolgirl when she texted Plaintiff and even witnessed Winfield texting Plaintiff about an ejaculating penis. Despite the administration's knowledge of the creepy relationship between Winfield and Plaintiff and internally admitting that they were worried and concerned about the relationship, the administration decided not to 'push the issue' because there was only one month left in the school year. As a result of the administration's decision to turn a blind eye to Winfield's grooming, Plaintiff was raped by Winfield over 100 times.

## JURISDICTION AND VENUE

2.     Jurisdiction is conferred by 28 USC Section 1331.

3.     Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside in this district and a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this district.

## PARTIES

4.     Plaintiff M.R. is a resident of the County of Alpena, State of Michigan, and at all relevant times was a student at Thunder Bay Junior High School ("Thunder Bay").

5.     Defendant Alpena Public Schools is a public educational institution, located in the County of Alpena, State of Michigan, with the capacity to sue and be sued, operates Thunder Bay Junior High School and is a recipient of federal funding.

6.     Upon information and belief, Defendant Steven Genschaw is a resident of the County of Alpena, State of Michigan, and at all relevant times was the Principal at Thunder Bay Junior High School. Defendant is being sued in his individual capacity.

7.     Upon information and belief, Defendant Justin Gluesing is a resident of the County of Alpena, State of Michigan, and at all relevant times was the Human Resources Director at Alpena Public Schools. Defendant is being sued in his individual capacity.

8.      Upon information and belief, Defendant Jean Kowalski is a resident of the County of Alpena, State of Michigan, and at all relevant times was an Assistant Principal at Thunder Bay Junior High School. Defendant is being sued in her individual capacity.

9.      Upon information and belief, Defendant Julie Kieliszewski is a resident of the County of Alpena, State of Michigan, and at all relevant times was a teacher at Thunder Bay Junior High School. Defendant is being sued in her individual capacity.

**FACTUAL ALLEGATIONS**

**A. DEFENDANTS HAD KNOWLEDGE THAT WINFIELD HAD ENGAGED IN AN INNAPROPRIATE  RELATIONSHIP WITH ANOTHER YOUNG MALE STUDENT SIX YEARS PRIOR**

10.     Winfield's propensity for grooming and taking advantage of young boys was known to Defendants.

11.     Defendants' Librarian Instruction Assistant at Thunder Bay Junior High reported to police that Winfield had engaged in an inappropriate relationship with another young boy approximately six years prior to her preying on Plaintiff.

12.     In fact, the Libarian Instruction Assistant asked police to investigate Winfield for her prior relationship with the young boy.

13.     Despite this, Defendants did absolutely nothing to protect Plaintiff and other students from Winfield.

## B. **WINFIELD OPENLY GROOMED 11-YEAR-OLD PLAINTIFF**

14.     In or about October of 2015, Plaintiff joined a special education class taught by Heather Winfield ("Winfield") at Thunder Bay Junior High School.

15.     From the outset, Winfield provided excessive attention to Plaintiff in class, and made inappropriate comments to Plaintiff.

16.     Soon, Winfield obtained Plaintiff's phone number, and began texting him about personal manners outside of class.

17.     Winfield also began driving Plaintiff home from school on a regular basis.

18.     To further groom Plaintiff, Winfield began buying Plaintiff fast food and ice cream.

19.     As a result of Winfield's inappropriate relationship with Plaintiff, rumors began to spread across Thunder Bay that Winfield had been engaging in a sexual relationship with Plaintiff.

20.     The rumors were widely known by students, teachers, and administrators within the school.

## C. **DEFENDANT'S ASSISTANT PRINCIPAL ADMITTED THAT SHE WAS CONCERNED ABOUT WINFIELD'S RELATIONSHIP WITH PLAINTIFF BUT DID NOTHING TO PROTECT PLAINTIFF**

21.     By January 2016, Defendants were aware that Winfield had been spending time with Plaintiff outside of school.

22.    On or about January 21, 2016, Winfield informed Thunder Bay assistant principal, Defendant Kowalski, that she planned on taking Plaintiff to Disney World during the upcoming spring break.

23.    Rather than protect Plaintiff or investigate the extent of Winfield's relationship with Plaintiff, Defendant Kowalski praised Winfield for wanting to do something 'so nice' for Plaintiff.

24.    On January 23, 2016, Winfield informed Defendant Kowalski that she planned to start spending even more time with Plaintiff outside of school.

25.    Kowalski still took no action to protect Plaintiff from Winfield.

26.    On May 6, 2016, two students reported to Kowalski that they were concerned about the relationship between Winfield and Plaintiff.

27.    The students reported that Plaintiff was receiving unfair treatment from Winfield and otherwise disclosed the closeness of Plaintiff's relationship with Winfield.

28.    On May 6, 2016, Defendant Kowalski had a meeting with Winfield about her relationship with Plaintiff.

29.    Kowalski informed Winfield that her relationship with Plaintiff had 'crossed a line' and was 'not a healthy relationship'.

30.    Defendant Kowalski admitted in notes she drafted regarding the May 6, 2016, meeting that she was concerned about Winfield's 'attachment' to Plaintiff.

6

31.     Despite the admitted concern, rather than launch an investigation or institute protections for Plaintiff, Kowalski merely 'suggested' to Winfield that she stop spending time with Plaintiff outside of school.

32.     According to Defendant Kowalski, she did not 'push the issue' because there was only one month left in the school year.

## D. WINFIELD'S CO-TEACHER WITNESSED WINFIELD TEXTING PLAINTIFF ABOUT EJACULATING PENISES

33.     During the 2015-2016 school year, Winfield co-taught a math class with Defendant Julie Kieliszewski for one hour every day.

34.     Defendant Kieliszewski reported that she felt Winfield's relationship with Plaintiff was inappropriate and that she had cautioned Winfield against taking Plaintiff to Disney World during spring break.

35.     In June 2016, while school was still in session, Kieliszewski was working with Winfield during an 'in-service day'.

36.     During the 'in-service day', Kieliszewski caught Winfield texting Plaintiff.

37.     Kieliszewski described that Winfield reacted to Plaintiff's texts like a giggly teenager and not like an adult teacher.

38.     Moreover, Kieliszewski reported that she witnessed Winfield exchanging text messages with Plaintiff that contained emojis representing ejaculating penises.

39.     Additionally, Kieliszewski reported that Winfield openly allowed Plaintiff and his friends to spend time in her classroom during 'advisor time', which was directly against school protocols.

40.     Despite the significant evidence of an inappropriate relationship, Defendants still failed to protect Plaintiff from Winfield.

**E. WINFIELD BEGAN RAPING PLAINTIFF IN JULY 2016**

41.     On or about July 2, 2016, Winfield raped Plaintiff inside a camping trailer in a secluded campground.

42.     Plaintiff was eleven (11) years old when Winfield raped him for the first time.

43.     Throughout the summer of 2016, Winfield continued to rape Plaintiff on a near daily basis.

44.     On multiple occasions, Winfield raped Plaintiff with other children present.

45.     Winfield continued abusing Plaintiff when school resumed in the fall of 2016.

46.     On several occasions, Winfield even raped Plaintiff inside Thunder Bay classrooms while school was in session.

47.     Furthermore, during the fall of 2016, Defendants continued to ignore evidence that Winfield was abusing Plaintiff.

48.     For example, Winfield attended each of Plaintiff's football practices despite not having a child on the team.

49.     Parents reported that during the practices, Winfield gave Plaintiff a concerning amount of attention and looked at him in a predatory manner.

50.     Additionally, parents reported that they had witnessed Winfield take off Plaintiff's shirt during at least one of the football practices.

51.     Parents indicated that Winfield's behavior towards Plaintiff during the football practices was a 'red flag'.

52.     Despite the obvious impropriety of Winfield's relationship with Plaintiff, Defendants failed to protect Plaintiff Winfield through the majority of the fall semester of 2016.

53.     Then in October of 2016, a student provided Defendants with messages between Winfield and Plaintiff.

54.     The messages contained explicitly sexual content, including messages that showed Winfield joking with Plaintiff about her showing up to school naked.

55.     Rather than immediately terminate Winfield, Defendants allowed Winfield to take paid leave while they 'investigated' the messages.

56.     Eventually, Winfield resigned from her position with Defendants.

## F. **DEFENDANTS FAILED TO PROTECT PLAINTIFF FROM FURTHER ABUSE AFTER WINFIELD'S RESIGNATION**

57.     After Winfield's resignation, Plaintiff was subjected to constant harassment from other students due to being raped by Winfield.

58.     The harassment Plaintiff was subjected to was pervasive and continued for several years.

59.     Despite the harassment, Defendants did nothing to protect Plaintiff from being sexually harassed by his co-students.

60.     Furthermore, Winfield continued to rape Plaintiff for more than one year.

61.     In total, Defendants inaction allowed Winfield to rape Plaintiff over 100 times.

62.     As a result of Defendants' actions Plaintiff has suffered and will continue to suffer damages, including but not limited to the following:

   a.  Stress;

   b.  Humiliation;

   c.  Embarrassment;

   d.  Outrage;

   e.  Mental anguish;

   f.  Fear and mortification;

   g.  Emotional Damages;

h.   Economic damages;

i.   Non-economic Damages;

**COUNT I**
**Violation of ELCRA – Creating and Failing to Prevent a Sexually Hostile**
**Educational Environment**
**(As to All Defendants)**

63.    Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

64.    Defendant Alpena Public Schools is a public service under the ELCRA, MCL 37.2101 et seq. and MCL 37.2301.

65.    Defendants' acts and omissions constitute sexual assault and harassment and violate Plaintiff's rights under the ELCRA, MCL 37.2103(h)(i)(ii)(iii) by subjecting Plaintiff to unwelcome sexual advances, assaults and other conduct of sexual nature.

66.    Defendants were the entities responsible for providing a safe educational environment for Plaintiff.

67.    By subjecting Plaintiff to sexual assault and harassment, and additionally to harassment and bullying by other students, Defendants' acts and omissions have created a sexually hostile environment, and created abusive and intimidating conditions, depriving Plaintiff of a safe educational environment.

68.    Defendant Alpena Public Schools is vicariously liable for the acts and omissions of its employees/agents under the doctrine of respondeat superior.

69.    The foregoing violations of the ELCRA caused substantial damages to Plaintiff as alleged herein, including without limitation, severe and permanent psychological damages and emotional distress.

70.    Defendants' acts and/or omissions proximately caused these injuries.

**COUNT II**
**Violation of ELCRA – Retaliation**
**(As to All Defendants)**

71.    Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

72.    Defendant Alpena Public Schools is a public service under the ELCRA, MCL 37.2101 et seq. and MCL 37.2301.

73.    Defendants' acts and omissions constitute sexual assault and harassment and violate Plaintiff's rights under the ELCRA, MCL 37.2103(h)(i)(ii)(iii) by subjecting Plaintiff to unwelcome sexual advances, assaults and other conduct of sexual nature.

74.    Defendants were the entities responsible for providing a safe educational environment for Plaintiff.

75.    Once Plaintiff participated in the investigation into Winfield's abuse, Plaintiff was bullied by other students as a result of the sexual assault and Defendants retaliated against Plaintiff by declining to investigate the matter or to otherwise comply with their responsibilities in accordance with the ELCRA. Defendants

12

further retaliated against Plaintiff by failing to protect Plaintiff from further abuse by Winfield.

76.     Defendant Alpena Public Schools is vicariously liable for the acts and omissions of its employees/agents under the doctrine of respondeat superior.

77.     The foregoing violations of the ELCRA caused substantial damages to Plaintiff as alleged herein, including without limitation, severe and permanent psychological damages and emotional distress.

78.     Defendants' acts and/or omissions proximately caused these injuries.

**COUNT III**
**Violation of ELCRA – Discrimination on the Basis of Sex**
**(As to All Defendants)**

79.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

80.     Defendant Alpena Public Schools is a public service under the ELCRA, MCL 37.2101 et seq. and MCL 37.2301.

81.     Defendants' acts and omissions constitute sexual assault and harassment and violate Plaintiff's rights under the ELCRA, MCL 37.2103(h)(i)(ii)(iii) by subjecting Plaintiff to unwelcomed sexual advances, assaults and other conduct of sexual nature.

82.     Defendants were the entities responsible for providing a safe educational environment for Plaintiff.

13

83.    Plaintiff's sex was at least one factor in his treatment by Defendants.

84.    Plaintiff was discriminated against on the basis of his sex, both in the sexual assault by his teacher, Defendant Winfield, and the way in which Defendant Alpena Public Schools and its officials responded to the assaults and failed to address the harassment and bullying Plaintiff experienced as a result thereafter.

85.    Defendants are vicariously liable for the acts and omissions of their employees/agents under the doctrine of respondeat superior.

86.    The foregoing violations of the ELCRA caused substantial damages to Plaintiff as alleged herein, including without limitation, severe and permanent psychological damages and emotional distress.

87.    Defendants' acts and/or omissions proximately caused these injuries.

**COUNT IV**
**FAILURE TO REPORT IN VIOLATION MICHIGAN CHILD PROTECTION LAWS**
(As to All Defendants)

88.    Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

89.    Defendants are mandated reporters under MCL 722.623(1)(A) as school administrators and schoolteachers.

90.    Under MCL 722.623(1)(a), such persons who suspect or have "[R]easonable cause to suspect child abuse or child neglect shall make an immediate

report to centralized intake by telephone, or, if available, through the online reporting

system, of the suspected child abuse or child neglect."

91.     Defendants had actual knowledge and/or reasonable cause to suspect

that Plaintiff was subjected to child abuse and/or neglect under the Act.

92.     Defendants were required to report the suspected abuse under MCL

722.623(1)(a) and failed to do so.

93.     MCL 722.633 provides that "A person who is required by this act to

report an instance of suspected child abuse or neglect and who fails to do so is civilly

liable for the damages proximately caused by the failure."

94.     Defendant Alpena School District is vicariously liable for the acts and

omissions of its employees/agents under the doctrine of respondeat superior.

95.     As a direct and proximate cause of the Defendants failure to report,

Plaintiff has sustained and continue to sustain injuries and damages.

### COUNT V
### 42 U.S.C. Section 1983 – Violation of the Fourteenth Amendment
### (As to Defendants Genschaw, Gluesing, Kowalski, and Kieliszewski)

96.     Plaintiff hereby incorporates all other paragraphs of this Complaint as

if fully set forth herein.

97.     The Fourteenth Amendment encompasses the right to personal security

and bodily integrity and applies to public school officials and supervisors, including

Defendants Genschaw, Gluesing, Kowalski, and Kieliszewski.

98.    The sexual assault and sexual abuse of Plaintiff by Winfield is a violation of his Fourteenth Amendment right to personal security and bodily integrity.

99.    Sexually assaulting and sexually abusing Plaintiff constituted deliberate indifference to his federally protected rights.

100.    Defendants Genschaw, Gluesing, Kowalski, and Kieliszewski, having knowledge that Plaintiff was a young and vulnerable student with a substantial risk of serious harm, omitted to perform what they were legally required to do as school supervisors and abandoned the duties of their positions, acting with deliberate indifference to Plaintiff's Constitutional rights.

101.    Plaintiff suffered severe emotional injury as a result of these Fourteenth Amendment violations.

102.    Defendants' acts and/or omissions proximately caused these injuries.

**COUNT VI**
**42 U.S.C. Section 1983 – Violation of Right to Equal Protection**
**(As to Defendants Genschaw, Gluesing, Kowalski, and Kieliszewski)**

103.    Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

104.    Defendants' conduct toward Plaintiff, including sexually assaulting him, failing to protect him from sexual assault and abuse, and failing to protect him from incessant harassment lacked any pedagogical purpose.

16

105.    Female students were not treated in the same manner.

106.    Defendants' actions and/or omissions denied Plaintiff equal protection under the law.

107.    Defendants, having knowledge that Plaintiff was a young and vulnerable student with a substantial risk of serious harm, omitted to perform what they were legally required to do as school supervisors and abandoned the duties of their positions, acting with deliberate indifference to Plaintiff's Constitutional rights.

108.    Plaintiff suffered severe emotional injury as a result of these Fourteenth Amendment violations.

109.    Defendants' acts and/or omissions proximately caused these injuries.

## COUNT VII
### *Monell* Claim
### (As to Defendant Alpena Public Schools)

110.    Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

111.    Plaintiff has been subjected to a deprivation of clearly established, constitutionally protected rights and privileges secured by the Constitution of United States, including his Fourteenth Amendment rights as described in Counts V and VI.

112.    The foregoing rights were clearly established at the time of the violations.

113.  The deprivations were caused by the customs, policies, and established practices of the Alpena Public Schools, acting under color of its statutory and legal authority.

114.  Defendants and Winfield were state actors acting under the color of law.

115.  Defendant Alpena Public Schools deliberate indifference to Plaintiff subjected him to violations of his Fourteenth Amendment and Equal Protection rights in ways including, but not limited to:

    a.  Failing to adequately train and supervise Winfield.

    b.  Failing to adequately train teachers, administrators, and/or other staff to adequality identify sexual abuse and/or 'grooming'.

    c.  Failing to adequately train teachers, administrators, and/or other staff to prevent students from being sexually abused by staff members.

    d.  Allowing teachers, including Winfield, to spend an inordinate amount of time with students outside of school.

    e.  Allowing teachers, including Winfield, to take students on out-of-state trips.

    f.  Failing to adequately protect Plaintiff.

    g.  Implicitly condoning the behavior of students harassing and bullying Plaintiff.

h. Manifesting deliberate indifference to the ongoing harassment, bullying and emotional needs of Plaintiff.

i.  Other policies, customs and practices to be discovered through the course of litigation.

116.   Defendant Alpena Public Schools had actual or constructive notice of the dangers to Plaintiff and consciously disregarded the dangers.

117.   The foregoing violations of 42 U.S.C. §1983 caused substantial damages to Plaintiff as alleged herein, including without limitation, severe and permanent psychological damages and emotional distress.

118.   Defendants' acts and/or omissions proximately caused these injuries.

**COUNT VIII**
**Violation of Title IX**
**(As to Defendant Alpena Public Schools)**

119.   Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

120.   Alpena Public Schools is a public-school district that receives federal funding.

121.   The sex-based assault, abuse and harassment as alleged above was so severe, pervasive, and objectively offensive that it deprived Plaintiff of access to educational opportunities provided by Defendant Alpena Public Schools.

122.   The Defendant School District created and/or subjected Plaintiff to a

19

hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX") because:

    a. Plaintiff was subjected to sexual assault, abuse, and harassment by an employee of the Defendant School District;

    b. He was subjected to that assault, abuse and harassment based on his sex and;

    c. He was subjected to a hostile educational environment created by the Defendant School District.

123. Defendant School District failed to take immediate, effective remedial steps to resolve the complaints of sexual assault and harassment and instead acted with deliberate indifference toward Plaintiff, leading to pervasive bullying and harassment from Plaintiff's peers.

124. Defendant School District persisted in its actions and inaction even after it had actual knowledge of the harm suffered by Plaintiff.

125. The foregoing violations of Title IX caused substantial damages to Plaintiff as alleged herein, including without limitation, severe and permanent psychological damages and emotional distress.

126. Defendant's acts and/or omissions proximately caused these injuries.

**DAMAGES**

127. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

128.   The acts and omissions of Defendants constituted a violation of Plaintiff's constitutional, statutory, and common law rights were and are a proximate cause of Plaintiff's damages.

129.   As a result of Defendants' acts and omissions, Plaintiff has suffered emotional and physical injuries all of which are ongoing, and resulting in damages including, but not limited to:

a.   Economic damages

b.   Emotional distress;

c.   Loss of personal freedom and liberty;

d.   Pain and suffering;

e.   Exemplary damages;

f.   An award of punitive damages;

g.   Reasonable attorney fees and costs;

h.   All other such relief which appears reasonable and just under the circumstances.

Respectfully submitted,

 */s/ Jonathan R. Marko*
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
220 W. Congress, Floor 4
Detroit, MI 48226
Phone: 313-777-7529
Email:  jon@markolaw.com

Dated:  September 1, 2023

/s/ Zachary T. Runyan
Zachary T. Runyan (P83671)
**RUNYAN LAW GROUP**
31211 Jefferson Ave
Saint Clair Shores, MI 48082
Phone: (248) 341-0794
Email:  zrunyan@runyanlawgroup.com

Dated:  September 1, 2023

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

M.R.,

       Plaintiff,

-vs-                                Case No:
                                       Honorable

ALPENA PUBLIC SCHOOLS,
STEVEN GENSCHAW, in his
individual capacity, JUSTIN
GLUESING, in his individual
capacity, JEAN KOWALSKI,
in her individual capacity, and
JULIE KIELISZEWSKI, in her
individual capacity,

       Defendants.

---

JONATHAN R. MARKO (P72450)
**MARKO LAW, PLLC**
Attorneys for Plaintiff
1300 Broadway Street, 5th Floor
Detroit, MI 48226
P: 313-777-7529
jon@markolaw.com

ZACHARY T. RUNYAN (P83671)
**RUNYAN LAW GROUP**
Co-Counsel for Plaintiff
31211 Jefferson Avenue
St. Clair Shores, MI  48082
P: (248) 341-0794
zrunyan@runyanlawgroup.com

---

1

## <u>JURY DEMAND</u>

Plaintiff, by and through counsel, hereby requests a trial by jury in the above-captioned matter.

<table>
<tr><td></td><td>/s/ Zachary T. Runyan</td></tr>
<tr><td></td><td>Zachary T. Runyan (P83671)</td></tr>
<tr><td></td><td><b>RUNYAN LAW GROUP</b></td></tr>
<tr><td></td><td>31211 Jefferson Ave</td></tr>
<tr><td></td><td>Saint Clair Shores, MI 48082</td></tr>
<tr><td></td><td>Phone: (248) 341-0794</td></tr>
<tr><td>Dated: September 1, 2023</td><td>Email: zrunyan@runyanlawgroup.com</td></tr>
</table>