**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NOTHERN DIVISION**

M.R.,

   *Plaintiff*,

v.

ALPENA PUBLIC SCHOOLS, et al.,

   *Defendants*.

_____/

Case No. 1:23-cv-12256

Robert J. White
United States District Judge

Patricia T. Morris
United States Magistrate Judge

### ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO ATTEND AN INDEPENDENT MEDICAL EXAMINATION (IME) PURSUANT TO FED. R. CIV. P. 35(a) (ECF No. 73)

The Court is currently considering Defendants' motion to compel Plaintiff to attend an Independent Medical Examination (IME). (ECF No. 73). Since the examination is scheduled for next week, the Court ordered expedited briefing (ECF No. 76) and the parties have complied with that order; thus, the matter is ready for resolution.

The facts are not in dispute. Defendants cite the procedural history regarding the proposed IME, noting that Plaintiff has never objected to submitting to an IME, but simply that lack of availability stymied the process. (ECF No. 73, PageID.6107). An IME was scheduled and notice was provided for October 11, 2025, in which Plaintiff would present alone and there would be no recording of the IME allowed. (*Id.*). Plaintiff's attendance was confirmed by counsel but Plaintiff did not appear

1

for the scheduled IME. (ECF No. 73, PageID.6107–08). Plaintiff indicates that he "unintentionally missed the appointment" "due to Plaintiff suffering car issues on the way to the exam." (ECF No. 77, PageId.6221).

In January of this year, Defendants offered or, as stated by Plaintiff, Defendants requested the IME proceed over two days (rather than a seven-hour one day session) to accommodate Plaintiff's disability. (ECF No. 73, PageID.6108; ECF No. 77, PageID.6222–23). After rescheduling attempts were made, on May 7, 2026, Plaintiff notified Defendants that Plaintiff would not attend the IME unless the IME is recorded. (ECF No. 73, PageID.6108). After failing to obtain concurrence, this motion followed.

Plaintiff contends recording the IME is necessary because Defendants have alleged that Plaintiff "is a violent criminal with a long history of committing sexual abuse." (ECF No. 77, PageID.6222). Therefore, Plaintiff argues, recording is needed to "mitigate the risk of Plaintiff being accused of inappropriate behavior during the examination." (*Id*.). Plaintiff summarizes that "recording the examination will ensure that 1) no improper questions are asked; 2) that the examination is not impeded by Plaintiff's disabilities; 3) that the parties have an accurate representation of what occurs during the examination; and 4) Plaintiff is not wrongly accused of engaging in inappropriate behavior or being uncooperative resulting in a 'failed exam.'" (ECF No. 77, PageID.6222–23). Plaintiff does not object to submitting to

an IME, nor does he object to the chosen examiner. The only issue then is whether the IME should be recorded or not.

Defendants contend there is no good cause or special need requiring recording and that since every case is adversarial in nature, if that alone justified recording, Rule 35 would expressly permit recording. (ECF No. 73, PageID.6110–11). Defendants also provide a declaration from Dr. Pietz wherein she opines that she is capable of accurately presenting the results of the IME and that allowing recording during the testing would lead to compromised and inaccurate test results. (ECF No. 73, PageID.6202–07). Dr. Pietz details why recording is contrary to standard methods, policies, and procedures and could present ethical concerns as well. (*Id.*).

Fed. R. Civ. P. 35(a) provides that the court "may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." The rule does not address the potential recording of the examination. "[T]he majority of federal courts decline to allow either recording or an observer, absent a showing of a special need or good reason." *Lahar v. Oakland Co.*, No. 0572920, 2006 WL 2269340, at *8 (E.D. Mich. Aug. 8, 2006). "Good cause or special need exists where there is a showing of bias or where a party is incompetent." *Cook v. Nation Express, LLC*, No. 20-cv-77, 2021 WL 640508, at *2 (S.D. Ohio, Jan. 19, 2021); *accord Williams v. Serra Chevrolet Auto., LLC*, No. 12-11756, 2013 WL 3467314, at *1–

3

*2 (E.D. Mich. July 10, 2013). The existence of an "adversarial proceeding" or the fact that the expert was hired by another party does not constitute a special need or good reason. "Were this the law, recording of such exams would be routine. But they are not." *Elder v. Harrison Tp.*, No. 10-cv-13144, 2014 WL 6668696, at *3 (E.D. Mich. Nov. 24, 2014) (collecting cases).

In the instant case, Plaintiff is an adult and there is no allegation that he is incompetent or that the proposed examiner is biased. Plaintiff's reasons for requesting recording boil down to ensuring accuracy and precluding accusations of uncooperativeness. However, these reasons fail to assert a good cause or special need that distinguishes this case from any other cited above. *Accord Elder*, 2014 WL 6668696. Therefore, Defendants' motion to compel IME without any audio or video recording is hereby **GRANTED**.

**IT IS SO ORDERED.**

Date:  May 29, 2026

s/Patricia T. Morris
Patricia T. Morris
United States Magistrate Judge

4